Ninth Circuit Docket No.  23-4378

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

### NICHOLAS PHIPPS WHITE,

*Plaintiff and Appellant,*

v.

### ANYWHERE REAL ESTATE, et al.,

*Defendants and Appellees.*

On Appeal from the United States District Court
for the Central District of California
Hon. George H. Wu, USDC Case No. CV22-04557-GW-SK

---

### APPELLANT'S MOTION TO REINSTATE APPEAL

---

Frank A. Weiser, SBN 89780
LAW OFFICES OF FRANK A. WEISER
3460 Wilshire Blvd., Suite 1212
Los Angeles, CA  90010
Telephone:   (213) 384-6964
Facsimile:   (213) 383-7368
E-mail:        maimons@aol.com


Attorneys for Plaintiff and Appellant
NICHOLAS PHIPPS WHITE

1

## DECLARATION OF FRANK A. WEISER

I, FRANK A. WEISER, do hereby declare:

1. I am the attorney for the Plaintiff and Appellant NICHOLAS PHIPPS WHITE ("Appellant") in the above referenced appeal, and I make this declaration in support of the instant motion to reinstate the appeal.

2. There Appellant's Opening Brief ("AOB") was due on April 5, 2024 and dismissed by the Court on April 30, 2024 after the Appellant did not file the AOB. (Ninth Circuit Docket Nos. 14 and 15).

3. As I explained to the Court in the Appellant's motion for an extension of time to file the AOB that was filed on March 7, 2024, I have had medical problems and family medical issues that has caused a serious backlog in my heavy trial and appellate calendar, and since such time, as I will further explain, my wife SUSAN WEISER was hospitalized at Cedars-Sinai Medical Center on an emergency basis last month. (Ninth Circuit Docket No. 13).

4. Because of the backlog in my work, I have had to file a motion requesting leave to file a late opening brief in this case, and that the

2

Court granted on March 23, 2023 (Ninth Circuit Docket No.

15); and a motion for an extension of time to file a petition for

rehearing and petition for rehearing en banc ("Motion") in a civil

rights case entitled Akshar Global Investments Corp., et al. v City of

Los Angeles, Ninth Circuit Docket No. 22-55394, and that the Ninth

Circuit granted on April 12, 2023 (Ninth Circuit Docket No. 33).

    5.  As I explained in my previous extension request, in addition, I

personally have also had medical issues over the last eight months.

    6.  I was diagnosed with Crohn's disease in 1976, and on

December 12, 2009, I was hospitalized in Cedars-Sinai Medical Center

as I nearly passed away because my colon burst due to toxic megacolon

as a result of the disease.

    7.  I have been wearing an ostomy bag since such time, and

recently I have had medical difficulties with the device that has further

impeded my work schedule and contributed to my backlog.

    8.  On August 31, 2023, I was driving to the San

Bernardino Superior Court to file an opposition to a motion in a case

entitled Maria Plancarte v Rodolpho Cupa, et al., Case No.

CIVSB2113578.

    9.  I was quite ill that day from a stomach issue and when I exited

The 215 Freeway in San Bernardino at approximately 3:40 p.m., I

nearly fainted as I was feeling very weak and dehydrated.

10. Then after the August 31, 2023 incident, my back gave out and this caused a further backlog.

11. In addition to the above, I contracted Covid along with my wife and daughter and my wife and I exhibited symptoms on the weekend of December 15, 2023 which required a doctor from the medical offices of Dr. Michael Farzam, (310) 849-7991 to make a house call at our home to test my family and prescribe Paxlovid as treatment for our condition there were additional medical issues that arose with respect to my daughter and my wife.

11. My daughter suffers from a very serious cases of obsessive-compulsive disorder ("OCD"), and after contracting Covid began to believe that there were additional medical issues that arose, requiring my having to take her to see a hematologist specialist in Beverly Hills, CA on February 15, 2024 by the name of Dr. Solomon Hamburg, (310) 570-1467, to assure her that her fears that she had developed a pulmonary embolism from the Covid was not the case.

12. My wife suffers from IBS, and she recently had over the last month an exacerbation of the condition, requiring my having to take her on February 12, 2024 to see our gastroenterologist by the name of Dr. Jeffrey Sherman, (424) 206-5001, because of her gastrointestinal issues, and because

4

of my medical issues.

13. My wife had to undergo a series of medical tests after seeing Dr. Sherman.

14. Dr. Sherman and his father Dr. James Sherman have been my doctors regarding the Crohn's Disease and the ostomy device since 1976.

15. Further, on the week of March 18, 2025, I became ill with a severe cold that my family believed was a reoccurrence of Covid that I had contracted in December of 2023, and a nurse from Dr. Farzam's office came to my home to test whether I had Covid again on Sunday, March 24, 2024.

16. The nurse that came over from Dr. Farzam's office to test me on March 124, 2024 was Rodolfo Serpas.

17. On Saturday, April 13, 2024, my family and I were home observing the Jewish Sabbath, as we are observant having been raised so.

18. At approximately 1:00 p.m., I was resting in one of our rooms, and I began to hear my daughter screaming, and when I immediately came out, I found my wife on the floor in the hallway in front of the door.

19. My wife could barely speak and she was very weak and was about to faint and my daughter called Hatzolah of Los Angeles ("Hatzolah"), a community based medical emergency unit that we have used in the past in cases of family medical emergency.

5

20.  A Hatzolah unit came to our house immediately and my wife appears to have suffered an extreme IBS attack with severe cramping.

21.  She did not want to be taken to Cedars-Sinai Medical Center, And after consulting with Dr. Sherman and Dr. Farzam by telephone, it was decided that a nurse from Dr. Farzam's unit would come to our house to administer IV fluids to assist my wife.

22. On April 27, 2024, at approximately 6:00 p.m., my wife became ill again and she was eventually taken into the emergency room of Cedars-Sinai Medical Center at approximately 1:00 a.m. today, April 28, 2024, and was admitted into Cedars.

23.  My wife was suffering from extreme nausea and weakness and almost fainted in our living room when I had to call the paramedics at 911 and a decision was made to take her into the emergency room at Cedars.

24.  I accompanied her at Cedars in the emergency room and her heart rate at times rose to approximately 145 and she was given special medication for the irregular heartbeat in addition to other medications, and she was admitted for testing and treatment.

25.  She was released on May 1, 2024.

26. Attached hereto as Exhibit "1" is a copy of the redacted City of Los Angeles Fire Department bill regarding the paramedics who took my wife to the emergency room at Cedars-Sinai Hospital on April 28, 2024.

27. Attached hereto as Exhibit "2" is the first page of the redacted discharge papers of May 1, 2024 from Cedars-Sinai Hospital for my wife,

28. Also, I am a sole practitioner, and I was closed beginning the evening of April 22, 2024 to the evening of April 24, 2024, and was closed beginning at sundown April 28, 2024 April 29, 2024 to the evening of April 30, 2024 in observance of the holiday of Passover, and was not able to work.

29. I am a sole practitioner, and because of my backlog, which was exacerbated by my personal and family medical issues, I was unable to complete the AOB on time and the appeal was dismissed.

30. I intend to supplement this motion next week with a copy of the proposed AOB and Excerpts of Record.

31. I believe that I have done good work in this Court and I have multiple published work in the Ninth Circuit, and a published case in primarily in representing Asian-Indian motel owners in California in

the federal civil rights area.

31.    Some of my published cases in the Ninth Circuit are <u>City of Angeles v Patel</u>, 576 U.S. 409 (2015), a federal civil rights case in which I was lead counsel and in which the United States Supreme Court affirmed in a 5-4 decision the Ninth Circuit's en banc decision in <u>Patel v City of Los Angeles</u>, 738 F.3d 1058 (9th Cir. 2013) (en banc), facially invalidating on Fourth Amendment grounds a motel search ordinance that authorized the LAPD to search motel registers on demand without consent or a warrant; <u>Herrera v City of Palmdale</u>, 918 F.3d 1037 (9th Cir. 2019) (Ninth Circuit reversing judgment on Fourth Amendment claim as an exception to the <u>Younger</u> abstention doctrine); <u>Patel v City of Montclair</u>, 798 F.3d 895 (9th Cir. 2015) (Ninth Circuit affirming judgment that common public areas of a motel such as the parking lot are not protected under the Fourth Amendment under the recently revived common law trespassory test but affirming that the locked areas are protected under the privacy test); <u>Patel v City San Bernardino</u>, 310 F.3d 1134 (9th Cir. 2002) (Ninth Circuit reversing a dismissal of a federal civil rights case under

8

the Tax Injunction Act on behalf of a group of motel owners); Patel v Penman, 103 F.3d 868 (9th Cir. 1996) (reversal of jury verdict on a federal civil rights case); Hotop v City of San Jose, 982 F.3d 710 (9th Cir. 2020), and Patel v City of Los Angeles, 72 F.4th 1103 (9th Cir. 2023).

32.   On May 16, 2024, at approximately 6:47 p.m., I e-mailed Macey A. Chan, Esq., counsel for the Defendant and Appellee Anywhere Real Estate Inc.; Jan T. Chilton, Esq. and Elizabeth Courtney Farell, Esq., counsel for the Defendant and Appellee Bank of America Corporation; and James D. Hepworth, Esq., counsel for the Defendant and Appellee Fidelity National Financial, Inc., informing them that I was going to be filing this motion and I requested that they respond as to their respective positions on the matter. I expect to hear back from the Appellees' counsel tomorrow and I will inform the Court of their positions on the motion when counsel respond.
.
33.   Thus, I respectfully request that the Court grant this motion and the appeal be reinstated.

9

.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 16th day of May, 2024 at Los Angeles, California.

FRANK A. WEISER

# I.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## A. APPELLANT RESPECTFULLY REQUESTS

## THAT THE APPEAL BE REINSTATED

The Ninth Circuit has held that a dismissal sanction should not be imposed where an appeal was largely meritorious and the procedural violations were not so egregious as to prevent an appellee from meaningfully responding. See <u>Ward v Circus Circus Casinos, Inc.</u>, 472 F.3d 994, 997 (9th Cir. 2007).

Further, both the United States Supreme Court and the Ninth Circuit broadly and liberally construe the term "excusable neglect" under Federal Rules of Civil Procedure 6 and 60(b), rejecting the application of a per se rule and examining a multi factor test of (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. <u>Pioneer Inv. Servs. Co. v Brunswick Assocs.</u> <u>Ltd. Partnership</u>, 507 U.S. 380, 395 (1993); <u>Briones v Riviera Hotel & Casino</u>, 116 F.3d 379, 381 (9th Cir. 1997) (adopting the test in Rule 60(b) motions); <u>Bateman v U.S. Postal Serv.</u>, 231 F.3d 1220, 1223-1224 (9th Cir. 2000); <u>Pincay v Andrews</u>, 389 F.3d 853, 860 (9th Cir. 2004) (en banc) (clarifying that in application of the test a district may not apply per se rules).

11

In <u>Bateman</u>, Bateman's counsel had left the country before filing an opposition to a motion for summary judgment, and the deadline passed while he was traveling abroad. Id., at 1223. Bateman's counsel also failed to file any motions for extensions of time, and failed to contact the district court for sixteen days after he returned because of "jet lag and the time it took to sort the mail." Id., at 1223.

Bateman moved to set aside the summary judgment pursuant to Rule 60(b). Id., at 1223. The district court denied the motion after only considering the facts concerning the reasons for the delay. Id., at 1224. The Ninth Circuit reversed and remanded the case to the district court with instructions to grant the motion "because the equities in this case weigh in favor of Bateman . . ." Id., at 1225.

In doing so, the Ninth Circuit emphasized <u>Pioneer</u>'s "statement that "excusable neglect includes cases of negligence . . ." Id., at 1224. In reversing, the Ninth Circuit held that although Bateman's reasons for the delay was weak, "[t]he length of delay, and its potential impact on the judicial proceedings, was also minimal." Id., at 1225.

The Ninth Circuit rejected thatthe delay in responding to the motion was sufficient to justify denial of relief. Id., at 1225. (citing out of circuit authority that "the mere possibility of prejudice from delay, which is inherent in every case, is insufficient to require denial of a 60(b)(1) motion) (internal citations omitted).

As demonstrated by <u>Bateman</u>, prejudice is not presumed, and the reasons here for the delay in filing the AOB based on Appellants' counsel's personal and family medical issues, unlike <u>Bateman</u>, are especially strong.

12

In Pincay, the defendants who had filed their notice of appeal 24 days late, argued that the late filing was a result of a calendaring error caused by the attorneys and paralegals misapplying a clear legal rule. Id., at 855. Sitting en banc, the Ninth Circuit rejected the plaintiffs' argument that the district court had abused its discretion in ruling for the defendants. The Ninth Circuit concluded that even though the calendaring error was not a "compelling excuse," because of the nature of the Pioneer/Briones balancing test any "rigid legal rule against late filings attributable to any particular type of negligence." Id., at 860.

Similarly, the Ninth Circuit has held that "good cause" under the Federal Rules of Civil Procedure is a non-rigorous standard that has been construed broadly across procedural and statutory contexts "[i]s to be liberally construed to effectuate the general purpose on seeing that cases are tried on the merits." Ahanchian v Xenon Pictures, Inc., 624 F.3d 1253, 1258 (9th Cir. 2010).

This Ninth Circuit's rules are written in the discretionary form using the word "may" and allow, if good cause does not exist, for less drastic sanctions such as monetary sanctions on counsel.

Given the liberal "good cause" and "excusable neglect" standard, there is ample reason to grant the motion under the Ninth Circuit's standard, which Appellant's counsel respectfully requests from the Court. In this case, Appellant's counsel's personal and family medical issues surely meets the Ninth Circuit's liberal standard of "good cause" or "excusable neglect".

## II.

## <u>CONCLUSION</u>

For all foregoing reasons, the Appellant respectfully requests that the Court grant the motion and reinstate the appeal.

Dated: May 16, 2024                  Respectfully submitted,

LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
       FRANK A. WEISER, Attorney
       for Plaintiff and Appellant
       NICHOLAS PHIPPS WHITE

**EXHIBIT "1"**

LOS ANGELES CITY FIRE DEPARTMENT
PO BOX 1280
OAKS PA 19456-1280

EXDIGPD1

**THIS IS NOT A BILL**
**Additional Information Needed to**
**Submit Insurance Claim**

NOBB    77430293

SUSAN WEISER

Mail this completed form to:

**LOS ANGELES CITY FIRE DEPARTMENT**
PO BOX 102660
PASADENA, CA 91189-2660

AC ID #:
INCIDENT #:
INVOICE #:
DATE OF SERVICE:    04/28/2024

Date: May 6, 2024

You recently received an ambulance transport from Los Angeles City Fire Department. We realize that this was likely a traumatic situation and hope that you and your family received excellent medical care.

We would like to assist you during this stressful time by addressing the financial aspect of the ambulance transport. We do not have any insurance on file for this transport and would appreciate if any relevant insurance is provided in any of the following ways:

**Online:**    at **LAFD.PAYAMBULANCE.COM**
**By Mail:**   **Mail this completed form to: PO BOX 102660, PASADENA, CA 91189-2660**
**Fax:**       **888-974-1293**
**Phone:**     **833-532-2238**

If you are uninsured and the service was provided on or after January 01, 2024, please contact us for regulated rates.

Please complete the signature form on the back of this page.

**INSURANCE INFORMATION**
**TYPE**:    MEDICARE    MEDICAID    INSURANCE

NAME: _____

NAME OF INSURED: _____

POLICY HOLDER: _____

POLICY HOLDER'S SSN: _____

DATE OF BIRTH: _____

INSURANCE POLICY #: _____

GROUP #: _____

**ANY ADDITIONAL INSURANCE**
**TYPE**:    MEDICARE    MEDICAID    INSURANCE

NAME: _____

NAME OF INSURED: _____

POLICY HOLDER: _____

POLICY HOLDER'S SSN: _____

DATE OF BIRTH: _____

INSURANCE POLICY #: _____

GROUP #: _____

**THIRD PARTY LIABILITY INSURANCE**

IF ACCIDENT RELATED, WHAT TYPE OF INSURANCE ARE YOU PROVIDING?
**TYPE**:   WORKER'S COMPENSATION       AUTO       OTHER INSURANCE

NAME OF INSURED: _____

CASE/CLAIM #: _____

EMPLOYER'S NAME: _____

EMPLOYER'S ADDRESS: _____

CLAIM MAILING ADDRESS: _____

POLICY HOLDER'S NAME: _____

POLICY HOLDER'S DATE OF BIRTH: _____

POLICY HOLDER'S EMPLOYER: _____

EMPLOYER'S TELEPHONE #: _____

INSURANCE CO. TELEPHONE #: _____

16

**EXHIBIT "2"**

# AFTER VISIT SUMMARY



**Susan Weiser** MRN:  ⚲ 3S-UNIV  📅 4/28/2024 - 5/1/2024

 **Need Help?**
Call MD
Contact your physician if you experience any of the following:
- temperature > 100.4
- persistent nausea and vomiting
- severe uncontrolled pain
- redness, tenderness, or signs of infection (pain, swelling, redness, odor or green/yellow discharge around incision site)
- difficulty breathing, headache or visual disturbances
- hives
- persistent dizziness or light-headedness
- extreme fatigue

 **Your medications have changed**

◈ CHANGE how you take:

⊗ STOP taking:

**Review your updated medication list below.**

## Your Latest Vitals

|  Blood Pressure |  BMI |  Weight |  Height |
|---|---|---|---|
|  Temperature (Oral) |  Pulse |  Respiration | Oxygen Saturation |

## You are allergic to the following

No active allergies

 **Activity and Care Instructions**
Okay to resume normal activity

 **Diet instructions**
Diet other (specify):